UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 17-340-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| REMONA LISA GROSS, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff's counsel, James S. Watson, has filed a motion seeking to withdraw as counsel of record.  [Record No. 22] Watson advises that his contract period with the plaintiff has ended and the plaintiff has instructed him to cease working on the case.  Although Watson states that he does not know when another attorney will be appointed, he informs the Court that he intends to rebid the foreclosure work.

A review of the history of this matter is necessary.  The plaintiff initiated this real estate foreclosure action on **December 19, 2017**.  [Record No. 1] The undersigned entered a default judgment and order of sale on **March 30, 2018**.  [Record No. 21] Since that time, there has been no activity and the matter has been continued for confirmation of the sale of the property at issue, distribution of the sales proceeds, and for any necessary orders and judgments. Watson has been representing Plaintiff the entire time.

Pursuant to Local Rule 83.6, an attorney of record may withdraw from a case only after making a showing of good cause and with the Court's consent to the withdrawal on whatever terms the Court chooses to impose.  The decision to permit the withdrawal "is committed to

- 1 -

the sound discretion of the trial court and is entitled to deference . . . ."  *Martel v. Clair*, 565 U.S. 648, 663–64 (2012).  Here, there is no indication that the United States is dissatisfied with Watson or that they are "embroiled in irreconcilable differences."  *See United States v. Iles*, 906 F.2d 1122, 1132 (6th Cir. 1990).  Instead, the motion indicates that Watson's contract period has ended and that he intends to "rebid the foreclosure work."  [Record No. 22] Whatever the plaintiff's "administrative justification" for rebidding the role of counsel after five years, it does not constitute good cause.  Period.

One of the factors that the Court considers when addressing a motion to withdraw as counsel is "the public's interest in the prompt and efficient administration of justice."  *See United States v. Williams*, 176 F.3d 301, 314 (6th Cir. 1999); *United States v. Jennings*, 83 F.3d 145, 148 (6th Cir. 1996).  And as noted above, this case has been in a state of continuance for over five years.  Granting the motion to withdraw would leave the plaintiff unrepresented for an unknown period, adding further unnecessary delays.

Accordingly, it is hereby

**ORDERED** that attorney Watson's motion to withdraw as counsel of record [Record No. 22] is **DENIED**.

Dated: November 13, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky