UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 6: 17-340-DCR |
| V. | ) ) | |
| REMONA LISA GROSS, et al., | ) ) | **MEMORANDUM ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The United States has moved to voluntarily dismiss this case, without prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. [Record No. 24] As grounds for the motion, retained counsel indicates that the contract securing representation in this matter has expired and that new counsel, once obtained, will at some point in the future refile this action *which has now been pending for six years*. The motion will be denied, and the plaintiff will be directed to tender a status report outlining what, if any, progress has been made in the case since the undersigned entered the Default Judgment and Order of Sale on *March 30, 2018*. [Record No. 21]

The United States initiated this real estate foreclosure action on December 19, 2017. [Record No. 1] And since the Court entered the Default Judgment and Order of Sale on March 30, 2018 [Record No. 21], there had been no docketed activity until the plaintiff's counsel moved to withdraw from the case on November 10, 2023. [Record No. 22] As grounds for the earlier request to withdraw as counsel, the Court was advised that the contract period for counsel's services had ended and that the United States would have to rebid the foreclosure

work prior to appointing replacement counsel. In the Memorandum Order denying the motion [Record No. 23], the Court emphasized the importance of considering "the public's interest in the prompt and efficient administration of justice" while highlighting the government's failure to demonstrate the requisite good cause. [*Id.* (quoting *United States v. Williams*, 176 F.3d 301, 314 (6th Cir. 1999)] The government is obviously unimpressed with these concerns. Instead, it offers the same administrative justification in the instant motion. But in the context of a voluntary dismissal, without prejudice, the United States' purported justification is even less compelling.

By its plain text, Rule 41(a)(2) is highly deferential to the judgment of the Court. *See* Fed. R. Civ. P. 41(a)(2) (". . . an action *may* be dismissed at the plaintiff's request only by court order, *on terms that the court considers proper*." (emphasis added)); *see also Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) ("Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court.").

As noted above, the United States moved for and was granted an entry of default judgment in March 2018. Pursuant to the Default Judgment and Order of Sale, the Department of Agriculture's Rural Housing Service was "directed to offer the Property for sale at public auction." [Record No. 21, ¶ 6][1] The undersigned continued this matter pending confirmation of the property sale and distribution of proceeds. But in the more than five years that this case has been in a state of continuance, the Court has seen no evidence that the United States has attempted to comply with the Court's order. Despite receiving a favorable judgment and being

---

[1] The government does not often proceed with haste in resolving similar actions, but the delay in this matter cannot be classified as anything other than dilatory. And the full period of delay cannot be blamed on the COVID pandemic.

under the direction of an unfulfilled court order, the government moves to throw the case out and start over. The requested dismissal undermines the Court's authority for the sake of so called "administrative convenience." Having offered no legitimate grounds for dismissal, the United States' motion will be denied.

When the Court issues a lawful mandate, the parties being directed are required to take "all reasonable steps within their power to comply with the court's order." *Peppers v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989). To ensure this expectation is being met, the United States will be required to tender a status report outlining the steps taken since March 30, 2018, to comply with this Court's Order of Sale. The status report must also describe the steps currently being taken to comply with the order and provide the Court with an estimated timeline within which the United States reasonably anticipates being able to sell the property and distribute the proceeds of the sale. Accordingly, it is hereby

**ORDERED** as follows:

1. The United States' motion to dismiss [Record No. 24] is **DENIED**.

2. The United States is **DIRECTED** to tender a status report as described in this Memorandum Order on or before **Monday, January 8, 2024**. The government is warned in advance that the Court does not anticipate extending this deadline and expects full compliance.

Dated: December 18, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky